# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**JOHN P. BOWEN,** )
      **Plaintiff,** )
)
**v.** )      **CIVIL ACTION**
)      **NO. 14-40113-TSH**
)
)
**WORCESTER FAMILY AND PROBATE COURT,** )
**REGISTER, STEVEN ABRAHAMS,** )
**LUCILLE DILEO,  JUSTICE OF PROBATE AND** )
**FAMILY COURT, ASSISTANT TO THE REGISTER** )
**OF PROBATE, DOTTIE LNU, SUPERVISORS TO** )
**PROBATE AND FAMILY COURT REGISTER,** )
**LESLIE GEARARDI, EMPLOYEE OF REGISTER** )
**OF PROBATE, MICHAEL HERMAN,  and** )
**ADMINISTER OF THE PROBATE AND FAMILY** )
**COURT, LINDA MEDEIROS,** )
      **Defendants.** )
_____)

## ORDER
October  9, 2014

**HILLMAN, D.J.**

### Background

Plaintiff, John P. Bowen ("Bowen"), proceeding *pro se*, has filed suit against the

Worcester Probate and Family Court and various official and employees[1] of that court asserting

that his federal civil rights have been violated as the result of various rulings made in connection

with ongoing divorce and custody proceedings brought against him by his wife.  Bowen seeks

---

[1]  Bowen has incorrectly spelled the names of a number of  the individual Defendants. For example, the Register of the Worcester Probate and Family Court is Stephen Abraham,  and the Deputy Court Administrator is Linda Medonis,  For purposes of this Order, I have adopted the spellings utilized by Bowen in his complaint.

monetary damages. He has also filed an Ex Parte Motion For Temporary Restraining Order (Docket No. 2)(sealed) against the Defendants seeking to bar them from taking any further action with respect to his divorce proceedings currently pending in the Worcester Probate and Family Court and further requesting that all prior temporary orders which have been granted by the court be suspended or reversed until this case is resolved. Bowen's motion applies to any and all collateral actions that have or will be taken in regards to custody and/or support arrangements involving his children. Bowen has also filed an Application To Proceed in District Court Without Prepaying Fees and Costs (Docket No. 4), pursuant to 28 U.S.C. §15(d). For the reasons set forth below, that motion is granted. Because this Court lacks subject matter jurisdiction over Bowen's claims and/or abstention is appropriate under *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1198 (2006), his complaint is dismissed. Because there is no operative complaint to support consideration of Bowen's request for a temporary restraining order and his other pending motions, they are denied, as moot.[2]

### Discussion

*Bowen's Application To Proceed Without Prepayment of Fees or Costs; Screening The Merits of Bowen's Cause of Action*

Bowen, who is currently incarcerated in the Worcester County House of Correction, has filed a financial statement which establishes that he has significant debt, minimal monthly income, and minimal savings. Under these circumstances, I find that he lacks sufficient funds to pay the $400 filing fee. Therefore, his application to proceed in forma pauperis ("IFP"), that is without prepayment of fees or costs, is granted.

Because Bowen seek in forma pauperis status, the court may review his complaint to determine whether it satisfies the substantive requirements of the IFP statute, 28 U.S.C. § 1915.

---

[2] Bowen has also filed two motions for Habeas Corpus (Docket Nos. 6&7) requesting that he be brought before this Court for all proceedings relating to this action.

Section 1915 allows "federal courts to dismiss an actions, *sua sponte*, where an IFP plaintiff lacks an arguable basis for a claim either I law or in fact." *McLarnon v. United States*, Civ.Act.No. 09-10049-RGS, 2009 WL 1395462 (D.Mass. May 19, 2009). "Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to screening. Both § 1915 and § 1915A require federal courts to dismiss complaints if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief." *Morgan v. Middlesex Sheriff's Office*, CA 14-10659-IT, 2014 WL 4104173 (D.Mass. Aug. 13, 2014).

"In conducting the preliminary screening, plaintiff's complaint is construed generously. The court reads plaintiff's complaint with 'an extra degree of solicitude,' due to his pro se status." *Id.* (internal citations and citation to quoted case omitted). The Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). In deciding whether the complaint should be dismissed, the court analyzes whether the plaintiff has stated a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff

is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

<u>*Whether Bowen's Complaint is Subject To Dismissal*</u>

Bowen has brought suit under the Federal Civil Rights Act, 42 U.S. C. § 1983 naming the Worcester Probate and Family Court, and certain of its officials and employees as defendants. The Worcester Probate and Family Court is a state agency which pursuant to the Eleventh Amendment is not subject to suit under Section 1983. *Davis v. Middlesex Superior Court,* CIV.A. 11-10276-NG, 2011 WL 901805 (D.Mass. Mar. 10, 2011)(Courts of the Commonwealth of Massachusetts (as instrumentalities of the State), are not subject to suit in federal court, under the doctrine of sovereign immunity grounded in the Eleventh Amendment); *Tyler v. Massachusetts*, 981 F.Supp.2d 92 (D.Mass. 2013)(Commonwealth of Massachusetts has not consented to suit under Section 1983 and therefore, is not subject to suit thereunder in either federal *or* state court). Furthermore, a suit against a state actor in his/her official capacity is a suit against the state and likewise, is barred.

To the extent that Bowen's complaint can be read to sue the individual defendants in their individual capacities, the claims against them are barred as Judge Dileo is entitled to absolute judicial immunity for any actions taken or rulings made in the course of normal and routine judicial acts. *See McLarnon*, 2009 WL 1395462, at * 3. The other individual defendants, all court personnel, are entitled to absolute quasi-judicial immunity, as they are being sued in connection with actions taken while performing tasks that are part of the judicial process. *Id.*, at * 3.

Bowen has requested that this Court enjoin enforcement of orders which have been issued by the Worcester Probate and Family Court and bar the court from taking any further action in his divorce proceedings and/or with regard to related child custody issues. To the extent that Bowen is seeking to enjoin state officials in their official capacity from *prospective* violations of federal law such claims would not be barred by the Eleventh Amendment[3]. However, this is a case where *Burford* abstention mandates against the Court exercising jurisdiction over Bowen's action. More specifically, in *Burford,* the Supreme Court held that abstention may be appropriate in order to prevent federal courts from interfering with difficult and consequential matters of state law and policy that are best resolved by state administrative agencies. *Chico Serv. Station, Inc. v. Sol Puerto Rico Ltd.*, 633 F.3d 20, 33 & n. 9 (1st Cir. 2011). *Burford* abstention has been expanded to include lawsuits, such as this one, that "implicate[] fundamental State policies regarding the most intimate of domestic and family matters." *Tyler v. Massachusetts*, 981 F.Supp.2d 92, 96 (D.Mass. 2013). In this case, Bowen is asking the Court to enjoin ongoing proceedings regarding his divorce and the custody of his children. This is precisely the type of case where *Buford* abstention would be mandated. Accordingly, Bowen's complaint shall be dismissed. [4]

---

[3] There are exceptions to Eleventh Amendment immunity—the primary exception being that it does not prevent the bringing of a suit against a state official in his official capacity when a party seeks *prospective* equitable relief enjoining *future* violations of *federal* law. *See Ex parte Young,* 209 U.S. 123, 159–160, 28 S.Ct. 441 (1908). However, the Eleventh Amendment bars federal courts from granting equitable relief as to past conduct and as to violation of state law.

[4] Generally, where the relief sought is money damages (such as in this case), dismissal of the action is not permitted under *Burford* abstention. Instead, the federal court must stay action pending resolution of the proceedings in state court. *Dunn v. Cometa*, 238 F.3d 38, 43 (1st Cir. 2001). However, I have already determined, that Bowen is barred from seeking monetary damages against all of the Defendants. For that reason, dismissal of the action is permissible in this case. Furthermore, the Court would generally give the Plaintiff 42 days from the date of this Order to demonstrate good cause in writing why his complaint should not be dismissed or give him an opportunity to file an amended complaint that cures the pleading deficiencies noted above. However, given the nature of Plaintiff's claims, any attempts to file an amended complaint would be futile.

**Conclusion**

It is hereby Ordered that:

1. Plaintiff's Application To Proceed In District Court Without Prepaying Fees Or Costs (Docket No. 4) is ***granted***;

2. Plaintiff's Ex Parte Motion For Temporary Restraining Order (Docket No. 2) is ***denied***, as moot;

3. Plaintiff's Motions For Habeas Corpus (Docket Nos. 6 & 7) are ***denied*** as moot; and

4. This action is ***Dismissed***, *sua sponte*, in its entirety.

/s/ Timothy S. Hillman_____
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**